

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT A. SENDERS,                    Civ. No. 08-1409-AA

      Plaintiff,                    OPINION AND ORDER

  v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____

AIKEN, Chief Judge:

Plaintiff filed suit pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision denying his application for Disability Insurance Benefits under Title II of the Act. The Commissioner's decision is affirmed.

BACKGROUND

On April 18, 2005, plaintiff applied for DIB, and his application denied initially and on reconsideration. Tr. 32-34,

1   - OPINION AND ORDER

37-41, 62-64.  After timely requesting a hearing, plaintiff, along with a vocational expert, appeared and testified before an administrative law judge (ALJ) on April 3, 2008.  Tr. 302-332.  On April 25, 2008, the ALJ issued a decision finding that plaintiff was able to perform his past relevant work and not disabled within the meaning of the Act.  Tr. 12-20.  The Appeals Council denied plaintiff's request for review, and the ALJ's ruling became the final decision of the Commissioner.  Tr. 5-8.  Plaintiff now seeks judicial review.

Plaintiff alleges disability since December 17, 2004 due to liver cirrhosis, pinched leg nerve, lower leg swelling and neuropathy, and left foot drop.  Tr. 68, 309.  At the time of the ALJ's decision, plaintiff was fifty-seven years old with four years of college education and past relevant work as a food processor, laundry worker, and hotel security guard.  Tr. 69, 84-87.

STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record.  Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)).  The court must weigh

"both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

## DISABILITY ANALYSIS

The Commissioner applies a five-step sequential evaluation process to determine whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a)(4).

At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" during the period of alleged disability. Tr. 14; 20 C.F.R. § 404.1520(b). At steps two and three, the ALJ found that plaintiff has "medically severe impairments" of peripheral neuropathy and left foot drop, but that these impairments did not meet or equal a listed impairment. Tr. 14-16; 20 C.F.R. § 404.1520(c),(d). Therefore, the inquiry proceeded to step four.

At step four, the Commissioner evaluates the claimant's residual functional capacity (RFC) and determines whether the

claimant can perform past relevant work.  20 C.F.R. § 404.1520(e).
In doing so, the Commissioner must assess the sustained work-
related activities the claimant can perform on a regular and
continuing basis, despite the limitations imposed any impairment.
See id. § 404.1545.  In this case, the ALJ found that plaintiff was
able to perform light work with a sit/stand option.  Tr. 16-20.
Based on this RFC assessment and the testimony of the vocational
expert, the ALJ found that plaintiff was able to perform his past
relevant work.  Tr. 20; 20 C.F.R. § 404.1520(f).

The ALJ thus found plaintiff not disabled under the Act at
step four and did not proceed to step five.

<u>DISCUSSION</u>

In finding plaintiff not disabled, the ALJ noted that
plaintiff's impairments of peripheral neuropathy and left foot drop
did not arise until April 2005.  Tr. 18.  Plaintiff does not
contest this finding, and it is supported by the record.  See
Plaintiff's Opening Brief, p. 23; Tr. 194.  Thus, to meet his
burden of establishing disability, plaintiff must show that his
disabling impairment continued for at least 12 months; in this
case, through April 2006.  In finding that plaintiff failed to do
so, the ALJ relied on the assessment of a non-examining physician
who opined that plaintiff's foot drop and neuropathy would improve
and enable him to perform light work by April 2006.  Tr. 17, 188.
Plaintiff argues that this finding was erroneous.

First, plaintiff contends that the ALJ erred in rejecting the opinions of Dr. Tilley, an examining physician, Dr. Ordelheide, a treating physician, and Tracy Goudy, an alcohol counselor. Plaintiff argues that the ALJ rejected the opinions of these medical providers without providing clear and convincing reasons supported by substantial evidence in the record. See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1996); Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995).

In September 2005, Dr. Tilley examined plaintiff and diagnosed left foot drop of unknown etiology, alcoholism and possible alcohol withdrawal, and possible alcoholic neuropathy. Tr. 164. Dr. Tilley assessed plaintiff's functional abilities and opined that plaintiff could stand and walk on smooth surfaces for one hour at a time for up to three hours in an eight-hour workday, with the ability to alternate from sitting to standing. Tr. 165.

The ALJ did not adopt Dr. Tilley's three-hour standing/walking limitation, finding that no evidence in the record indicated that this limitation continued. Tr. 19. Instead, the ALJ relied on the opinion of a non-examining physician who reviewed the medical records and concluded that plaintiff's condition would improve by April 2006 and allow him to stand and/or walk up to six hours in an eight-hour work day. Tr. 17, 182, 188. In doing so, the ALJ noted plaintiff's lack of medical treatment after November 2005, despite his claim of disability.

Given that it is plaintiff's burden to establish disability for a continuous period of no less than 12 months, I do not find the ALJ's reliance on the non-examining physician to be legally erroneous when plaintiff did not seek medical treatment after November 2005 or submit evidence to reflect a lack of improvement as of April 2006. Id.; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (opinions of non-treating or non-examining physicians may serve as substantial evidence). "When the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion." Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1198 (9th Cir. 2004).

In November 2005, Dr. Ordelheide stated that plaintiff was "totally disabled from gainful employment" at that time. Tr. 196. The ALJ rejected this statement of disability as unsupported by Dr. Ordelheide's contemporaneous examination of plaintiff that did not note functional limitations regarding the ability to work. Tr. 19; see Thomas, 278 F.3d at 957 ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."). I find the ALJ's reasons legally sufficient, as Dr. Ordelheide's statements primarily concerned plaintiff's "comorbidity related to alcohol addiction" rather than functional limitations establishing disability within the meaning of the Act. Tr. 196. Lester, 81 F.3d at 830-31; Andrews, 53 F.3d at 1043.

6    - OPINION AND ORDER

In April 2006, Tracy Goudy, plaintiff's alcohol counselor, diagnosed plaintiff with alcoholism and checked several areas of mental functioning as "markedly limited." Tr. 222-23. However, as found by the ALJ, Ms. Goudy is not considered an "acceptable medical source" under the Act, and she only counseled plaintiff for two months. Tr. 15; 20 C.F.R. § 404.1513(a),(d)(1). The ALJ also noted that Ms. Goudy herself stated that the "Mental Residual Function Capacity Report" she completed on plaintiff's behalf "may better be completed by a PhD." Tr. 223. Moreover, the ALJ found that no other medical evidence of record supported Ms. Goudy's assessment, and a non-examining psychologist found no medically determinable mental impairment. Tr. 15-16, 167-79. I find no error in the ALJ's assessment of Ms. Goudy's opinions.

Further, I am not persuaded that a neuropsychological evaluation performed by Dr. Richardson in August 2008 lends support to Ms. Goudy's 2006 assessment and establishes disabling mental limitations. As noted by defendant, Dr. Richardson's evaluation was not provided to the ALJ and, in fact, was not sought until the ALJ rendered an unfavorable opinion. Only then did plaintiff seek an evaluation with Dr. Richardson in an attempt "to gather additional information to submit at this time to assist him in appealing the decision." Tr. 289. Dr. Richardson's conclusions were rendered more than two years after Ms. Goudy's and almost four years after plaintiff's alleged onset of disability. Thus, while

Dr. Richardson's evaluation might be "new," it is not material to
the determination of disability during the period initially alleged
by plaintiff, and "good cause" for late submission of this evidence
is not established.  Mayes v. Massanari, 276 F.3d 453, 463 (9th
Cir. 2001) ("A claimant does not meet the good cause requirement by
merely obtaining a more favorable report once his or her claim has
been denied.").

In sum, I find no legal error in the ALJ's evaluation of the
medical evidence.

Second, plaintiff argues that the ALJ erred in finding his
complaints not fully credible.  The ALJ rejected plaintiff's
subjective complaints because he failed to follow medical advice
and did not seek any medical treatment from November 2005 through
the date of the ALJ's opinion, despite his allegations of disabling
impairments.  Tr. 17, 196, 201, 206, 321; see Orn v. Astrue, 495
F.3d 625, 638 (9th Cir. 2007) ("Our case law is clear that if a
claimant complains about disabling pain but fails to seek
treatment, or fails to follow prescribed treatment, for the pain,
an ALJ may use such failure as a basis for finding the complaint
unjustified or exaggerated."); Fair v. Bowen, 885 F.2d 597, 603
(9th Cir. 1989) (unexplained failure to seek medical treatment is
a sufficiently specific reason for rejecting claimant's subjective
complaints of pain).  Further, the ALJ noted that plaintiff
admitted improved mobility with use of brace, and that he was

terminated from his employment for drinking alcohol on the job rather than because of any functional limitations. Tr. 17. These findings are supported by the record and are legally sufficient to support the determination of credibility.

Plaintiff next argues that the ALJ erred in rejecting the statements of two lay witnesses who attested to plaintiff's physical limitations. Tr. 122-29, 136-43. The ALJ did not give great weight to the statement of Ms. Van Liew, because the ALJ found that it did not support a lesser residual functional capacity than that found by the ALJ. Tr. 19. The ALJ also considered the statements of Ms. Cardwell and found that while the statements might have described plaintiff's abilities "to some degree" in August 2005, the medical evidence did not support the extent of the impairments she described. Tr. 19. I find these reasons germane to each witness and supported by the record. See Lewis v. Apfel, 236 F.3d 503, 511-12 (9th Cir. 2001).

Finally, plaintiff argues that the ALJ otherwise erred in assessing plaintiff's RFC and in finding that plaintiff was able to perform his past relevant work, and provided an inaccurate hypothetical to the vocational expert. I find no error in the ALJ's RFC and past relevant work findings at step four, and plaintiff's proffered limitations were rejected by the ALJ. For the reasons explained above, the ALJ did not commit legal error in doing so.

<u>CONCLUSION</u>

The ALJ's finding that plaintiff was not disabled under the Act is supported by substantial evidence in the record. Accordingly, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

Dated this ___*B*___ day of December, 2009.


_____
Ann Aiken
United States District Judge